ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| MUNICIPIO DE LAS PIEDRAS, REPRESENTADO POR SU HONORABLE ALCALDE MIGUEL A. LÓPEZ RIVERA PETICIONARIO<br><br>v.<br><br>MIGUEL ANTONIO HERNÁNDEZ MALAVÉ Y OTROS RECURRIDO | KLCE202500478<br><br>Consolidado con: | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: LP2025CV00072<br><br>Sobre: Expropiación Forzosa |
| MUNICIPIO DE LAS PIEDRAS, REPRESENTADO POR SU HONORABLE ALCALDE MIGUEL A. LÓPEZ RIVERA PETICIONARIO<br><br>v.<br><br>RUBÉN LÓPEZ BURGOS Y OTROS RECURRIDO | KLCE202500479 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: LP2025CV00084<br><br>Sobre: Expropiación Forzosa |
| MUNICIPIO DE LAS PIEDRAS, REPRESENTADO POR SU HONORABLE ALCALDE MIGUEL A. LÓPEZ RIVERA PETICIONARIO<br><br>v.<br><br>GASPAR QUINTANA TORRES Y OTROS RECURRIDO | KLCE202500480 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: LP2025CV00087<br><br>Sobre: Expropiación Forzosa |
| MUNICIPIO DE LAS PIEDRAS, REPRESENTADO POR SU HONORABLE ALCALDE MIGUEL A. LÓPEZ RIVERA PETICIONARIO<br><br>v.<br><br>JORGE LUIS CONTRERAS GONZÁLEZ Y OTROS RECURRIDO | KLCE202500481 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: LP2025CV00077<br><br>Sobre: Expropiación Forzosa |

NÚMERO IDENTIFICADOR

SEN2025_____

Panel integrado por su presidenta, la Jueza Grana Martínez, la Jueza Díaz Rivera y la Juez Lotti Rodríguez.[1]

Lotti Rodríguez, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 7 de julio de 2025.

Comparece el Municipio de Las Piedras mediante los recursos de *Certiorari* radicados el 2 de mayo de 2025 en el cual nos solicita se revoque las Órdenes emitidas por el Tribunal de Primera Instancia (TPI) el 24 de abril de 2025, en los casos de epígrafe, mediante la cual le solicitó unos documentos previos como requisitos para notificar la Resolución sobre la entrega de título de Investidura a favor del Municipio.

## I.

El 10 de abril de 2025, el Municipio de Las Piedras instó una petición de expropiación forzosa, caso núm. LP2025CV00072, en contra de los titulares de la propiedad inmueble objeto de la acción, Miguel Antonio Hernández Malavé, Ana Colón Castro y la Sociedad Legal de Gananciales compuesta por ambos. En su petición, el Municipio solicitó la adquisición en pleno dominio sobre la propiedad declarada como estorbo público. Con su petición, el Municipio presentó la Certificación de deudas del Centro de Recaudación de Ingresos Municipales (CRIM), la Certificación del Registro de la Propiedad, el Plano de Mensura, Informe de Tasación del valor de la propiedad inmueble, el Informe revisado de Tasación y un Estudio de Título. Ese mismo día, el Municipio presentó *Moción Informativa Sometiendo la Declaración de Adquisición y Entrega Material de la Propiedad, en cumplimiento con el Artículo 4.008 del Código Municipal y en Solicitud De Orden*, anejando los siguientes documentos: Ordenanza Municipal Núm. 19, Serie 2020-2021, la Declaración para la Adquisición y Entrega Material de la

---

[1] Conforme la OATA2025-0078 la Hon. Glorianne Lotti Rodríguez, sustituye al Hon. Carlos I. Candelaria Rosa.

Propiedad; la Carta de Notificación de Intención de Declaración de Estorbo Público; el Edicto Público sobre Notificación de Intención de Declaración de Estorbo Público; el Edicto Público sobre Declaración de Estorbo Público y la Resolución firmada por la Legislatura Municipal de Las Piedras. El Municipio solicitó, entre otras cosas, que el Tribunal decretara y ordenara el derecho en pleno dominio sobre la propiedad objeto de la acción quedara investido desde la presentación de la Declaración para la Adquisición y Entrega Material de la Propiedad suscrita por el Honorable Alcalde del Municipio de Las Piedras, Miguel A. López Rivera. A su vez, radicó una *Moción Informativa* sometiendo proyecto de Resolución para que fuera expedido por el Tribunal.

El 15 de abril de 2025, el TPI emitió una Orden solicitando que el Municipio presentara los siguientes documentos: (1) Certificación Registral de la finca objeto del caso, (2) Ordenanza Municipal sobre Declaración Estorbo Público, (3) Certificación de la deuda del Centro de Recaudación de Ingresos Municipales, (4) Acreditación bajo juramento origen y detalle de los embargos federales por la cantidad de $10,056.22 y $6,597.83 respectivamente; (5) Acreditación bajo juramento de los gastos incurridos por conceptos de la eliminación del estorbo público, (6) Acreditación de la notificación a las personas demandadas o con interés en la propiedad en cumplimiento con el artículos 4.008 del Código Municipal de Puerto Rico, y (7) Acreditación del cumplimiento con Art. 4.010 sobre requerimientos al titular registral.

Ese mismo día, el Municipio presentó una *Moción en Cumplimiento de Orden y en Reconsideración para que el Tribunal emita la Correspondiente Investidura de Titulo de Forme expedita toda vez que se cumplió con los requisitos constitucionales y estatutarios para su expedición*. Allí, el Municipio hizo referencia a que los documentos ya obraran en el expediente del caso y solicitó nuevamente que se expidiera la correspondiente Resolución sobre Investidura de Título.

El 25 de abril de 2025, el TPI emitió una Orden declarando No Ha Lugar la reconsideración y solicitándole al Municipio que cumpliera con lo ordenado.

Inconforme, el Municipio acudió ante este Tribunal mediante la presentación de un recurso de Certiorari, en el que alega que:

> **Erró el Tribunal de Primera Instancia, Sala Superior de Humacao, al no emitir la correspondiente Investidura de Título a favor del Municipio de Las Piedras luego de presentar la Petición y la Declaración de Adquisición y Entrega Material de la Propiedad.**
>
> **Erró el Tribunal de Primera Instancia, Sala Superior de Humacao, al requerir acreditación sobre el cumplimiento con el Art. 4.010 respecto a los requerimientos al titular registral; toda vez el Municipio expropiante no incurre en gastos de limpieza o gestión para eliminar la condición de estorbo público.**
>
> **Erró el Tribunal de Primera Instancia, Sala Superior de Humacao, al requerir bajo juramento el origen de los dieciséis mil quinientos veintidós dólares con once centavos ($16,522.11) cuestionando su procedencia, el concepto por el cual se recibieron y la autorización municipal necesaria para ello.**

Por su parte, el 11 de abril de 2025, el Municipio radicó una petición de expropiación forzosa, caso núm. LP2025CV00084 en contra de Rubén López Burgos como titular de la propiedad inmueble ubicada en el Lote A calle Ángel Berberena, Bda. Rivera, Las Piedras. Anejado a la petición, se presentó el legajo de expropiaciones que consiste en la Certificación de deudas del Centro de Recaudación de Ingresos Municipales (CRIM), la Certificación del Registro de la Propiedad, Plano de Mensura, Informe de Tasación del valor de la propiedad, Informe revisado de Tasación y un Estudio de Titulo. Asimismo, presentó una *Moción Informativa Sometiendo la Declaración de Adquisición y Entrega Material de la Propiedad, en Cumplimiento con el Artículo 4.008 del Código Municipal y en Solicitud De Orden*, mediante la cual solicitó que se decretara el derecho en pleno dominio sobre la propiedad objeto de esta acción y que el título quedado investido desde la presentación de la Declaración para la Adquisición y Entrega Material de la Propiedad suscrita

por el Honorable Alcalde del Municipio de Las Piedras, Miguel A. López Rivera. Junto con la moción, se anejó la Ordenanza Municipal Núm. 19, Serie 2020-2021, la Declaración para la Adquisición y Entrega Material de la Propiedad, la Carta de Notificación de Intención de Declaración de Estorbo Público, el Edicto Público sobre Notificación de Intención de Declaración de Estorbo Público, el edicto Público sobre Declaración de Estorbo Público, la Resolución firmada por la Legislatura Municipal de Las Piedras y el Proyecto de Resolución de Investidura de Titulo.

El 15 de abril de 2025, el TPI emitió una Orden solicitándole al Municipio los siguientes documentos: (1) Certificación Registral de la finca 7520, (2) Ordenanza Municipal sobre Declaración Estorbo Publico (Núm. 14, Serie 2018-2019), (3) Certificación Deuda CRIM, (4) Acreditara bajo juramento el origen de $16,522.11 que se alegan han sido incurridos sin identificar por quién, por qué concepto y la autorización municipal necesaria, de haber sido persona distinta al propio Municipio, (5) Acreditara notificación a personas con interés sobre intención de declaración estorbo público según requerido por Art. 4.008 del Código Municipal de 2020 y (6)  Acreditara cumplimiento con Art. 4.010 sobre requerimientos al titular registral.

Así las cosas, el 16 de abril de 2025, el Municipio radicó una *Moción en Cumplimiento de Orden y en Reconsideración para que este Tribunal emita la correspondiente investidura de título de forma expedita toda vez que se cumplió con los requisitos constitucionales y estatutarios para su expedición.* Sostuvo que la mayoría de los documentos solicitados constaban en el expediente y se informó que el Municipio tiene contratado los servicios de la compañía CRSG, LLC para realizar las gestiones concernientes a la eliminación de los estorbos públicos. Ante ello, solicitó que se emitiera la Resolución de investidura de título, otorgándola la titularidad del bien inmueble al Municipio.

El 25 de abril de 2025, el TPI emitió una Orden declarando "No Ha Lugar a la Reconsideración. Cumpla con lo ordenado".

Inconforme, el Municipio acudió ante este Tribunal mediante la presentación de un recurso de *Certiorari*, en el que planteó que:

**Erró el Tribunal de Primera Instancia, Sala Superior de Humacao, al no emitir la correspondiente Investidura de Título a favor del Municipio de Las Piedras luego de presentar la Petición y la Declaración de Adquisición y Entrega Material de la Propiedad.**

**Erró el Tribunal de Primera Instancia, Sala Superior de Humacao, al requerir acreditación sobre el cumplimiento con el Art. 4.010 respecto a los requerimientos al titular registral; toda vez el Municipio expropiante no incurre en gastos de limpieza o gestión para eliminar la condición de estorbo público.**

**Erró el Tribunal de Primera Instancia, Sala Superior de Humacao, al requerir bajo juramento el origen de los dieciséis mil quinientos veintidós dólares con once centavos ($16,522.11) cuestionando su procedencia, el concepto por el cual se recibieron y la autorización municipal necesaria para ello.**

El 11 de abril de 2025, el Municipio radicó otra petición de expropiación forzosa, caso núm. LP2025CV00087 en contra Gaspar Torres Quintana, titular de la propiedad inmueble ubicada en el Lote A PR-183 KM 20.1 Int., Bo. Montones, Las Piedras, PR 00771. Junto con la petición, se presentó el legajo de expropiaciones que consiste en la Certificación de deudas del Centro de Recaudación de Ingresos Municipales (CRIM), la Certificación del Registro de la Propiedad, Plano de Mensura, Informe de Tasación del valor de la propiedad, Informe revisado de Tasación y un Estudio de Título. Asimismo, presentó una *Moción Informativa Sometiendo la Declaración de Adquisición y Entrega Material de la Propiedad, en Cumplimiento con el Artículo 4.008 del Código Municipal y en Solicitud De Orden,* mediante la cual solicitó que se decretara el derecho en pleno dominio sobre la propiedad objeto de esta acción y que el título quedado investido desde la presentación de la Declaración para la Adquisición y Entrega Material de la Propiedad suscrita por el Honorable Alcalde del Municipio de Las Piedras, Miguel A. López Rivera. Junto con la moción, se anejó la Ordenanza Municipal Núm. 19, Serie 2020-2021, la Declaración para la Adquisición y Entrega Material de la Propiedad, la Carta de Notificación de Intención de Declaración de Estorbo Público, el

Edicto Público sobre Notificación de Intención de Declaración de Estorbo Público, el edicto Público sobre Declaración de Estorbo Público, la Resolución firmada por la Legislatura Municipal de Las Piedras y el Proyecto de Resolución de Investidura de Titulo.

El TPI dio por atendida la moción presentada por el Municipio, y el 24 de abril de 2025, emitió una Orden solicitándole al Municipio los siguientes documentos: (1) Certificación Registral de la finca 4934, (2) Ordenanza Municipal sobre Declaración Estorbo Publico (Núm. 14, Serie 2018-2019), (3) Certificación Deuda CRIM, (4)  Acreditara bajo juramento el origen de $16,522.11 que se alegan han sido incurridos sin identificar por quién, por qué concepto y la autorización municipal necesaria, de haber sido persona distinta al propio Municipio, (5) Acreditara notificación a personas con interés sobre intención de declaración estorbo público según requerido por Art. 4.008 del Código Municipal de 2020 y (6)  Acreditara cumplimiento con Art. 4.010 sobre requerimientos al titular registral.

El 2 de mayo de 2025, el Municipio recurrió de la Orden del 25 de abril de 2025 mediante la presentación de un recurso de *Certiorari* donde planteó los siguientes errores:

> **Erró el Tribunal de Primera Instancia, Sala Superior de Humacao, al no emitir la correspondiente Investidura de Título a favor del Municipio de Las Piedras luego de presentar la Petición y la Declaración de Adquisición y Entrega Material de la Propiedad.**
> **Erró el Tribunal de Primera Instancia, Sala Superior de Humacao, al requerir acreditación sobre el cumplimiento con el Art. 4.010 respecto a los requerimientos al titular registral; toda vez el Municipio expropiante no incurre en gastos de limpieza o gestión para eliminar la condición de estorbo público.**
> **Erró el Tribunal de Primera Instancia, Sala Superior de Humacao, al requerir bajo juramento el origen de los dieciséis mil quinientos veintidós dólares con once centavos ($16,522.11) cuestionando su procedencia, el concepto por el cual se recibieron y la autorización municipal necesaria para ello.**

De igual forma, el Municipio presentó el 10 de abril de 2025  una petición de expropiación forzosa, caso núm. LP2025CV00077 en contra Jorge

Luis Contreras González, Ana Julia Meléndez y la Sociedad Legal de Gananciales compuesta por ambos, quienes son los titulares de la propiedad inmueble ubicada en el Solar 5 de la Urbanización Don Francisco de Las Piedras. Con la petición, se presentó el legajo de expropiaciones que consiste en la Certificación de deudas del Centro de Recaudación de Ingresos Municipales (CRIM), la Certificación del Registro de la Propiedad, Plano de Mensura, Informe de Tasación del valor de la propiedad, Informe revisado de Tasación y un Estudio de Titulo. Asimismo, presentó una *Moción Informativa Sometiendo la Declaración de Adquisición y Entrega Material de la Propiedad, en Cumplimiento con el Artículo 4.008 del Código Municipal y en Solicitud De Orden*, mediante la cual solicitó que se decretara el derecho en pleno dominio sobre la propiedad objeto de esta acción y que el título quedado investido desde la presentación de la Declaración para la Adquisición y Entrega Material de la Propiedad suscrita por el Honorable Alcalde del Municipio de Las Piedras, Miguel A. López Rivera. Junto con la noción, se anejó la Ordenanza Municipal Núm. 19, Serie 2020-2021, la Declaración para la Adquisición y Entrega Material de la Propiedad, la Carta de Notificación de Intención de Declaración de Estorbo Público, el Edicto Público sobre Notificación de Intención de Declaración de Estorbo Público, el edicto Público sobre Declaración de Estorbo Público, la Resolución firmada por la Legislatura Municipal de Las Piedras y el Proyecto de Resolución de Investidura de Titulo.

El 14 de abril de 2025, el TPI emitió una Orden solicitándole al Municipio los siguientes documentos: (1) Certificación Registral de la finca 5848, (2) Ordenanza Municipal sobre Declaración Estorbo Publico (Núm. 14, Serie 2018-2019), (3) Certificación Deuda CRIM, (4) Acredite bajo juramento origen y detalle de la deuda o carga a favor de Doral Mortgage LLC, (5) Acredite bajo juramento el origen de $16,522.11 que se alegan han sido incurridos sin identificar por quién, por qué concepto y la autorización

municipal necesaria, de haber sido persona distinta al propio Municipio, (6) Acredite notificación a personas con interés sobre intención de declaración estorbo público según requerido por Art. 4.008 del Código Municipal de 2020. y (7) Acredite cumplimiento con Art. 4.010 sobre requerimientos al titular registral.

El 15 de abril de 2025, el Municipio radicó una *Moción en Cumplimiento de Orden y en Reconsideración para que este Tribunal emita la correspondiente investidura de título de forma expedita toda vez que se cumplió con los requisitos constitucionales y estatutarios para su expedición.* Sostuvo que la mayoría de los documentos solicitados constaban en el expediente y se informó que el Municipio tiene contratado los servicios de la compañía CRSG, LLC para realizar las gestiones concernientes a la eliminación de los estorbos públicos. Ante ello, solicitó que se emitiera la Resolución de investidura de título, otorgándola la titularidad del bien inmueble al Municipio.

El 25 de abril de 2025, el TPI emitió una Orden declarando "No Ha Lugar a la Reconsideración. Cumpla con lo ordenado".

Inconforme con la determinación, el Municipio presentó el 2 de mayo de 2025, el recurso de certiorari en el cual levantó los siguientes errores:

> **Erró el Tribunal de Primera Instancia, Sala Superior de Humacao, al no emitir la correspondiente Investidura de Título a favor del Municipio de Las Piedras luego de presentar la Petición y la Declaración de Adquisición y Entrega Material de la Propiedad.**
> **Erró el Tribunal de Primera Instancia, Sala Superior de Humacao, al requerir acreditación sobre el cumplimiento con el Art. 4.010 respecto a los requerimientos al titular registral; toda vez el Municipio expropiante no incurre en gastos de limpieza o gestión para eliminar la condición de estorbo público.**
> **Erró el Tribunal de Primera Instancia, Sala Superior de Humacao, al requerir bajo juramento el origen de los dieciséis mil quinientos veintidós dólares con once centavos ($16,522.11) cuestionando su procedencia, el concepto por el cual se recibieron y la autorización municipal necesaria para ello.**
> **Erró el Tribunal de Primera Instancia, Sala Superior de Humacao, al requerir bajo juramento el origen y detalle de la deuda o carga favor de Doral Mortgage, LLC.**

**II.**

**A.**

El recurso de certiorari es un mecanismo procesal de carácter discrecional que faculta a un tribunal de mayor jerarquía a revisar las decisiones emitidas por un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 486-487 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). "[L]a característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Rivera et al. v. Arcos Dorados et al., supra*, pág. 209; *IG Builders et. al. V. BBVAPR,* 185 DPR 307, 338 (2012). Sin embargo, la discreción para expedir el recurso no es irrestricta, ni autoriza al tribunal a actuar de una forma u otra en abstracción del resto del Derecho. Pueblo v. Rivera Montalvo, 205 DPR 352, 372 (2020) (citando a *Negrón v. Srio. De Justicia,* 154 DPR 79, 91 (2001)); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016).

La Regla 40 de nuestro Reglamento, establece los criterios que deben guiar nuestra determinación sobre si procede o no expedir un auto de certiorari. *Rivera et al. v. Arcos Dorados et al., supra,* pág. 209; *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 710-711 (2019). Los criterios esbozados son los siguientes:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ahora bien, ninguno de los criterios antes citados es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. García v. Padró, 165 DPR 324, 335 esc. 15 (2005) (citando a H. Sánchez Martínez, Derecho Procesal Apelativo, Hato Rey, Lexis-Nexis de Puerto Rico, 2001, pág. 560). Por lo general, los tribunales revisores no intervienen con el manejo de los casos de los tribunales de instancia, salvo cuando "se demuestre que este último actuó con prejuicio o parcialidad, que hubo un craso abuso de discreción, o que se equivocó en la interpretación o aplicación de alguna norma procesal o de derecho sustantivo". *Rivera y Otros v. Bco. Popular*, 152 DPR 140, 155 (2000) (citando a *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986)). En tal sentido, al optar por no expedir el auto solicitado, no se está emitiendo una determinación sobre los méritos del asunto o cuestión planteada, por lo que esta puede ser presentada nuevamente a través del correspondiente recurso de apelación. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *García v. Padró*, supra, pág. 336 (2005).

**B.**

El derecho fundamental a disfrutar de la propiedad privada está reconocido expresamente en nuestra Constitución. Art. II, Sec. 7, Const. LELA, LPRA, Tomo 1. Sin embargo, este derecho no es absoluto, está

supeditado al poder inherente del Estado para establecer restricciones sobre las propiedades privadas en favor del bienestar común. Un ejemplo de este poder inherente es la facultad del Estado para adquirir la titularidad de bienes privados a través de la expropiación forzosa. *Estado Libre Asociado de Puerto Rico v. El Ojo de Agua Development, Inc.*, 205 DPR 502, 518 (2020); *Municipio de Guaynabo v. Adquisición*, 180 DPR 206, 216 (2010). No obstante, esta facultad está limitada por la garantía constitucional de que no se tomará o perjudicará la propiedad privada para uso público a no ser mediante el pago de una justa compensación y de acuerdo con la forma provista por ley. Sec. 9 del Art. II, Const. PR, LPRA, Tomo 1, ed. 2016.

La Ley General de Expropiación Forzosa, 32 LPRA sec. 2907, reconoce expresamente la facultad de los municipios de instar procesos de expropiación forzosa. Igualmente, el Artículo 1.008 (c) de la Ley 107 del 13 de agosto del 2020, 21 L.P.R.A. sec. 7013, conocida como Código Municipal de Puerto Rico establece que los municipios tendrán los poderes naturales y cedidos que le correspondan para ejercer las facultades inherentes a sus fines y funciones; entre estos, ejercer el poder de expropiación forzosa, dentro de sus respectivos límites territoriales, por cuenta propia o a través de lo dispuesto en el Artículo 2.018 de este Código, las leyes generales y órdenes ejecutivas especiales y vigentes que sean aplicables.

En lo pertinente, el Artículo 2.018 de la Ley 107-2020, supra, regula el procedimiento de adquisición de bienes por Expropiación Forzosa.[2] El referido articulo dispone:

(a) Las disposiciones contenidas en la Ley General de Expropiación Forzosa de 12 de marzo de 1903, según enmendada, serán de carácter supletorias en las acciones de expropiación forzosa por parte de los municipios y estos podrán instar procesos de expropiación forzosa por cuenta propia bajo lo establecido en este Código:
(1).......
(2) Ocupación de propiedad privada- Los fines para los cuales los municipios pueden ocupar, demoler o causar perjuicios a la propiedad privada serán los siguientes:
(A)........

---

[2] 21 L.P.R.A. sec.7183

.......

(D) Cuando la misma haya sido declarada estorbo público, que las estructuras o solares abandonados, yermos o baldíos en las comunidades, que estén en estado de abandono, constituyendo o no estorbos públicos, sean objeto de expropiación por el municipio donde ubiquen, con el propósito de transferir su titularidad a personas, corporaciones con o sin fines de lucro, desarrolladores, contratistas y cualesquiera otros que tenga un legítimo interés en mantener esas propiedades.

........

(4) Declaración de utilidad pública.- El Alcalde solicitará a la Legislatura Municipal la aprobación de una ordenanza para que declare la utilidad pública de cualesquiera propiedades, intereses o derechos que deseen ser adquiridas, por éstas ser útiles, necesarias y convenientes a los fines municipales. Disponiéndose, que el uso para el cual se destina la propiedad a adquirirse mediante la expropiación, la naturaleza o extensión del derecho a adquirirse, la cantidad de terreno a expropiarse, y la necesidad o lo adecuado del sitio en particular que se expropia, no podrá ser objeto de revisión por los tribunales.......

(5) **Adquisición de bienes inmuebles- En casos en los que el municipio desee adquirir un bien inmueble, este solicitará, para su presentación ante el Tribunal, una certificación expedida por el Registro de la Propiedad dentro de los seis (6) meses anteriores a la presentación de la demanda. No obstante, en los casos en los que la certificación fue expedida dentro del periodo de seis (6) meses antes dispuestos, pero en una fecha que sobrepasa los tres (3) meses previos a la presentación de la demanda, deberá acompañarse con la certificación expedida por el Registro de la Propiedad y un estudio de título reciente. A estos fines, un estudio de título reciente significará un estudio de título realizado dentro de los diez (10) días anteriores a la presentación de la demanda. El estudio de título antes mencionado deberá ser realizado por un notario público, o por una persona natural o jurídica que posea póliza de seguro que responda por cualquier error u omisión en el título.**

(6) Plano de Mensura.- De igual forma, en casos de adquisición de bienes inmuebles, los municipios deberán realizar un plano de mensura donde se describa la ubicación, linderos, cabida y codificación de la propiedad a adquirirse, y deberá someterse el mismo junto a la Petición de Expropiación.

(7) Informe de Valoración.- Los municipios contratarán los servicios de evaluadores profesionales de bienes raíces, debidamente autorizados a ejercer dicha profesión, a los fines de establecer el valor actual de la propiedad a adquirirse. Los informes de valoración contendrán la siguiente información:

(i) justo valor en el mercado de la propiedad,
(ii) una descripción de la propiedad,
(iii) identificación de las estructuras ubicadas en el inmueble,
(iv) la fecha de preparación del informe,
(v) descripción de las ventas comparables,
(vi) la firma del tasador; y
(vii) cualquier otra información pertinente y necesaria para la mejor presentación del justo valor en el mercado.

Cada informe de valoración deberá ser sometido a un Tasador Revisor, distinto de quien lo preparó, para su evaluación.

El informe de valoración a presentarse ante el Tribunal deberá ser aprobado mediante certificación de aprobación del Tasador Revisor. […]

(8) Personas con Interés- Los municipios deberán identificar a todas las personas, ya sean naturales o jurídicas, que tengan algún interés o derecho sobre la propiedad o derecho a ser adquirido. Como parte de la identificación de las partes con interés, los municipios deberán llevar a cabo todas las diligencias razonables para obtener el nombre completo, dirección física, dirección postal y cualquier otra información que permita obtener contacto con dichas partes.

........

(10) Investidura de Título y Posesión Material. — **Tan pronto el municipio expropiante radique la Petición de Expropiación junto a la Declaración para la Adquisición y Entrega Material de la Propiedad, <u>conforme a la Regla 58.3 de las Reglas de Procedimiento Civil de Puerto Rico</u>, para beneficio y uso de la persona o personas naturales o jurídicas que tengan derecho a la misma, el título absoluto de dominio de dicha propiedad, o cualquier derecho o interés menor en la misma según quede especificado en la declaración, quedará investido en el municipio expropiante, y tal propiedad deberá considerarse como expropiada y adquirida para el uso del municipio** que hubiese requerido la expropiación, y el derecho a justa compensación por la misma quedará investido en la persona o personas a quienes corresponda. Desde ese instante el Tribunal podrá fijar el término y las condiciones bajo las cuales los poseedores de los bienes expropiados deberán entregar la posesión material de los mismos al demandante. En las expropiaciones de propiedades declaradas estorbos públicos bajo este Código, el municipio no vendrá obligado a consignar dinero alguno sobre la expropiación al radicar la demanda. Dicha obligación comenzará al momento en que él o los demandados comparezcan al tribunal según lo establecido en la Regla 58.5 de Procedimiento Civil de Puerto Rico. (Énfasis nuestro).

........

Los reclamos respecto al fin público y a la justa compensación que presente la parte demandada en su contestación, no impedirán que el municipio expropiante obtenga provisionalmente el título y la posesión material de la propiedad. Disponiéndose, que ningún recurso de apelación, ni ninguna fianza o garantía que pudiese prestarse, podrá tener el efecto de evitar o demorar la adquisición o investidura del título de las propiedades por y en el municipio que hubiese requerido la expropiación, y su entrega material al mismo. (Énfasis nuestro).

En lo pertinente, la *Ley General de Expropiación Forzosa,* establece en la sección 5(a) que la declaración sobre adquisición y entrega material deberá contener y estar acompañada de:

(1) Una relación de la autoridad bajo la cual se pretende adquirir la propiedad y el uso público para el cual se pretenda adquirirla.

(2) Una descripción de la propiedad que sea suficiente para identificarla.

(3) Una relación del título o interés que se pretende adquirir de la propiedad para fines públicos.

(4) Un plano en caso de propiedad que pueda ser así representada.

(5) Una fijación de la suma de dinero estimada por la autoridad adquirente como justa compensación de la propiedad que se pretende adquirir. Disponiéndose que en el caso de aquellas propiedades que hayan sido declaradas estorbos públicos, y sean objeto de expropiación por parte de un municipio por motivo de utilidad pública, y las mismas deban alguna cantidad por el concepto de contribución sobre la propiedad inmueble o gravámenes por el concepto de multas, gastos de limpieza y mantenimiento y/o cualquier otro gasto necesario y conveniente a los fines de eliminar la condición de estorbo público o gastos de mitigación de una declaración formal de estorbo público, la suma de dinero como justa compensación será el valor de tasación menos las deudas por contribución y de los gravámenes, gasto de limpieza y mantenimiento y/o cualquier otro gasto necesario y conveniente a los fines de eliminar la condición de estorbo público correspondientes a la propiedad, incluyendo deudas, intereses, recargos o penalidades.

(6) En los casos en que el municipio decide expropiar estorbos públicos mediante el procedimiento sumario establecido en el Artículo 4.012A de la Ley 107-2020, según enmendada, procederá conforme al procedimiento allí establecido.

Tan pronto se radique tal declaración de adquisición y entrega y se haga el depósito en el tribunal, para beneficio y uso de la persona o personas

naturales o jurídicas que tengan derecho al mismo, de la cantidad estimada como compensación y especificada en la declaración, el título absoluto de dominio de dicha propiedad, o cualquier derecho o interés menor en la misma según quede especificado en la declaración, quedará investido en el Estado Libre Asociado de Puerto Rico o Gobierno Estatal, o en la agencia o instrumentalidad del Estado Libre Asociado de Puerto Rico que hubiere requerido la expropiación, o en el de la entidad demandante o peticionaria que no fuere el Estado Libre Asociado de Puerto Rico, y tal propiedad deberá considerarse como expropiada y adquirida para el uso del Estado Libre Asociado de Puerto Rico o Gobierno Estatal, o de la agencia o instrumentalidad gubernativa del Estado Libre Asociado de Puerto Rico que hubiere requerido la expropiación, o de la correspondiente Autoridad de Hogares, o del municipio en cuestión, según fuere el caso....[3]

Asimismo, la Regla 58.3(b) de Procedimiento Civil, 32 L.P.R.A. Ap. V establece dos etapas en el proceso judicial de expropiación forzosa. La primera etapa es la de presentación de la petición, en la cual el Estado tiene que acumular como demandados a aquellas personas que tengan algún interés en la propiedad. En la segunda etapa, la mencionada Regla 58.3(b) le impone una carga mayor al Estado, pues éste está obligado a acumular en el pleito, previo a que se celebre cualquier vista para determinar la compensación, aquellas personas con interés sobre la propiedad cuyos nombres se adviertan luego de llevar a cabo las diligencias razonables en el Registro de la Propiedad. En cada una de las dos fases del procedimiento judicial de expropiación forzosa se protegen o salvaguardan intereses distintos. Presentada la declaración de adquisición y consignado el importe del justo valor, el Gobierno es investido del título sobre la propiedad. Es entonces en este momento, y no con la resolución del tribunal en que se ordena que el título le corresponde al Estado, que el Gobierno adviene titular

---

[3] 32 L.P.R.A. sec. 2907

del bien expropiado. El interés del Estado en un procedimiento de expropiación es exclusivamente advenir titular del inmueble para proceder a ejecutar la obra pública programada. *A.C.T. v. Iñesta,* 165 DPR 891 (2005).

Por otro lado y en lo pertinente a este caso, el Artículo 4.010 sobre Declaración de Estorbo Público, 21 LPRA sec.7634 establece que [c]uando el propietario, poseedor o persona con interés sea notificado conforme a lo dispuesto en el Artículo 4.008 de este Código, y no compareciere en forma alguna a oponerse a la identificación de la propiedad como estorbo público; o luego de expedida una orden a tenor con lo dispuesto en el inciso (b) o el inciso (c) del Artículo 4.009 de este Código no cumpliere con la misma, el municipio podrá declarar la propiedad como estorbo público". El propietario vendrá obligado a limpiarla o ejecutar las obras necesarias para eliminar tal condición. En el caso de que el propietario no cumpla, el Artículo 1.008 de este Código faculta a un municipio a realizar las obras necesarias para asegurar la salud y seguridad del público en general. El Municipio tendrá derecho a reclamar por todos los gastos incurridos en dicha gestión. Los gastos incurridos y no recobrados por el municipio en la gestión de limpieza o eliminación de la condición nociva o perjudicial constituirán un gravamen sobre la propiedad equivalente a una hipoteca legal tácita. Este gravamen en favor del municipio por gastos incurridos se hará constar mediante instancia en el Registro de la Propiedad.

## C.

Como es sabido, la jurisdicción se refiere al poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias. *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 267 (2018). Ante ello, los tribunales deben ser guardianes celosos de su jurisdicción, lo que los obliga a velar por que los recursos se perfeccionen de forma que les sea posible atenderlos. *Pérez Soto v. Cantera Pérez, Inc., et al.,* 188 DPR 98, 105 (2013). Ello se debe a que la

falta de jurisdicción incide directamente sobre el poder mismo para adjudicar una controversia. *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012).

En lo pertinente, la Sección 4 de la Ley de Expropiaciones establece lo siguiente:

> La demanda podrá ir dirigida contra los dueños de la propiedad, sus ocupantes y **todas las demás personas con derecho o interés sobre la misma**; o podrá ir dirigida contra la propiedad en sí. Cuando ocurriere esto último, en la demanda se mencionarán, hasta donde sea posible al demandante determinarlo, los nombres de todas aquellas personas que, como dueños, ocupantes, o poseedores de cualquier derecho o interés sobre la propiedad deben ser notificados del procedimiento a los fines del derecho que puedan tener a la compensación que se fije por el valor de la propiedad expropiada, o a los daños que el procedimiento ocasione. 32 LPRA sec. 2905.

**III.**

En su primer señalamiento de error, el Municipio planteó que el TPI incidió al no emitir la correspondiente Investidura de Título a favor del Municipio de Las Piedras luego de presentar la Petición y la Declaración de Adquisición y Entrega Material de la Propiedad.  El primer error no se cometió.

Surge de los expedientes ante nuestra consideración que el Municipio de Las Piedras sometió junto con la petición de expropiación forzosa el legajo que consistía en la Certificación de deudas del Centro de Recaudación de Ingresos Municipales (CRIM), la Certificación del Registro de la Propiedad, el Plano de Mensura, Informe de Tasación del valor de la propiedad inmueble, el Informe revisado de Tasación y un Estudio de Título. Asimismo, sometió copia de la Ordenanza Municipal Núm. 19, Serie 2020-2021, la Declaración para la Adquisición y Entrega Material de la Propiedad; la Carta de Notificación de Intención de Declaración de Estorbo Público; el Edicto Público sobre Notificación de Intención de Declaración de Estorbo Público; el Edicto Público sobre Declaración de Estorbo Público y la Resolución firmada por la Legislatura Municipal de Las Piedras.

A tenor con lo antes expuesto, el Municipio tiene el poder inherente de expropiar una propiedad inmueble para un fin público. Tanto la Ley de

Expropiaciones, como el Código Municipal establece que una vez un Municipio radique la petición de expropiación junto con la declaración de adquisición y entrega, el título absoluto de dominio de dicha propiedad quedará investido en el municipio expropiante. No obstante, examinado los recursos ante nuestra consideración y sus apéndices, concluimos que el foro primario no erró al no emitir la Resolución sobre investidura de título, toda vez que el Municipio no ha cumplido con presentar los documentos conforme el Artículo 2.018 del Código Municipal, *supra*, ni con la Regla 58.3 de Procedimiento Civil, *supra.*

Conforme el Artículo 2.018 del Código Municipal, *supra,* y la Regla 58.3 de Procedimiento Civil, *supra,* en los casos en los que el municipio desee adquirir un bien inmueble, este solicitará, para su presentación ante el tribunal, una certificación expedida por el Registro de la Propiedad **dentro de los seis (6) meses anteriores a la presentación de la demanda.** No obstante, en los casos en los que la certificación fue expedida dentro del periodo de seis (6) meses antes dispuestos, pero en una fecha que sobrepasa los tres (3) meses previos a la presentación de la demanda, deberá acompañarse con la certificación expedida por el Registro de la Propiedad y un estudio de título reciente. A estos fines, un estudio de título reciente significará un estudio de título realizado **dentro de los diez (10) días anteriores a la presentación de la demanda.** El estudio de título antes mencionado deberá ser realizado por un notario público, o por una persona natural o jurídica que posea póliza de seguro que responda por cualquier error u omisión en el título.

En el KLCE202500478 ante nuestra consideración, el Municipio presentó la Petición de expropiación forzosa el 10 de abril de 2025, no obstante, la certificación expedida por el Registro de la Propiedad es del 30 de julio de 2024, sin duda, en exceso de los 6 meses que contempla el antedicho artículo. Asimismo, el Estudio de Titulo presentado tiene fecha del

1 de febrero de 2024, incumplimiento también con el termino dispuesto en la ley, que dispone que deberá ser realizado dentro de los diez (10) días anteriores a la presentación de la demanda. Igualmente, el Municipio no acreditó que dicho estudio de Titulo fuere realizado por un Notario Público o una persona natural o jurídica que posea una póliza de seguros que responda por cualquier error u omisión según dispone la disposición legal antes citada. Por otro lado, notamos discrepancias entre la Certificación Registral y el Estudio de Titulo. Esto debido a que la Certificación Registral demuestra que existen dos (2) embargos federales inscritos contra el titular Miguel A. Hernandez por la suma de $10,056.22 y otro por la suma de $6,597.83. Dichos embargos federales no se mencionan en el Estudio de Titulo.

Por otro lado, en el caso particular de esta expropiación, adolece de un defecto en el emplazamiento de las partes con algún interés sobre la propiedad. Debido que en dicha propiedad consta inscrito una servidumbre de paso a favor de los titulares de la finca 13935 de las Piedras. No surge del apéndice que estos hayan sido emplazados.

De igual manera lo es el Gobierno Federal, quien según la Certificación del Registro de la Propiedad mantiene dos (2) embargos federales. Si el gobierno federal tiene algún interés en una propiedad que se quiere expropiar, tiene que ser traído al pleito para que exprese si renuncia o mantiene ese interés. De ocurrir lo último, el TPI pierde jurisdicción en el asunto. *Mun. De Rio Grande v. Adquisición de Finca 27.661 de la Urb. Industrial Las Flores*, 2025 TSPR 36.

No surge del apéndice gravamen inscrito en el Registro de la Propiedad por los gastos de limpieza o eliminación de la condición nociva que en este caso ascienden a $16,522.11 cuantía que excede hasta la compensación que el Municipio estima procedente por la propiedad en el caso KLCE202500479 y que casualmente coincide en todos los recursos aquí consolidados.

En el KLCE20250479, el Municipio presentó la petición de expropiación el 11 de abril de 2025. Junto con la petición acompaño una Certificación Registral con fecha del 28 de junio de 2024, o sea, con una fecha de expedición que excede los 6 meses anteriores a la presentación. Asimismo, sometió un Estudio de Título con fecha del 1 de febrero de 2024. Dicho estudio de título no cumple con el requisito de ser uno reciente y el Municipio tampoco acreditó que la persona que lo realizó es un Notario Público o que ostentara una póliza de seguros.

De igual manera se reclama, la cantidad de $16,522.11 por concepto de gastos de limpieza o eliminación de la condición nociva, sin que se haya anotado como gravamen y cuantía que por sí misma excede el valor asignado por el municipio a la propiedad.

De igual manera, en el KLCE20250480 la Certificación Registral y el Estudio de Titulo incumple con la regla 58.3 de Procedimiento Civil y el Artículo 2.018 del Código Municipal, así también, la cantidad de $16,522.11 que se reclama por concepto de gastos de limpieza o eliminación de la condición nociva sin que se haya anotado como gravamen. Además, la propiedad es el predio sirviente de una servidumbre otorgada a favor de Santos Márquez Torres y Gladys Martinez Torres quienes son partes con interés.

Por último, en el KLCE20250481, la Certificación del Registro de la Propiedad ni el Estudio de Titulo cumplen con la regla 58.3 de Procedimiento Civil ni con el Artículo 2.018 del Código Municipal por los términos de expedición de ambos. Tampoco se acreditó que la persona que lo realizó es un Notario Público o que ostentara una póliza de seguros.

El título absoluto de dominio de la propiedad, o cualquier derecho o interés menor en la misma según quede especificado en la declaración, quedará investido en el municipio expropiante tan pronto el municipio radique la Petición de Expropiación junto a la Declaración para la Adquisición

y Entrega Material de la Propiedad, conforme a la Regla 58.3 de las Reglas de Procedimiento Civil. Conforme lo antes expuesto, el municipio no ha cumplido cabalmente con la regla 58.3 por lo que no procede la investidura de título.

En su segundo error y tercer error, el Municipio arguye que el foro primario erró al solicitar que se acreditara el cumplimiento con el Artículo 4.010 del Código Municipal sobre requerimientos al titular registral y al requerir bajo juramento el origen de los dieciséis mil quinientos veintidós dólares con once centavos ($16,522.11), cuestionando su procedencia, el concepto por el cual se recibieron y la autorización municipal necesaria para ello.

El art. 4.010 del Código Municipal dispone que cuando el propietario, poseedor o persona con interés sea notificado conforme a lo dispuesto en el Artículo 4.008 de este Código, que su propiedad ha sido identificada como estorbo público, y no comparece en forma alguna a oponerse, el municipio podrá declarar la propiedad como estorbo público. Asimismo, dicho artículo establece que: los gastos incurridos y no recobrados por el municipio en la gestión de limpieza o eliminación de la condición nociva o perjudicial constituirán un gravamen sobre la propiedad equivalente a una hipoteca legal tácita, según definido en las distintas leyes de Puerto Rico, subordinado únicamente en carácter de prioridad al gravamen de contribuciones adeudadas sobre la propiedad inmueble dispuesto en este Código. Este gravamen en favor del municipio por gastos incurridos se hará constar mediante instancia en el Registro de la Propiedad.

En lo pertinente, el Artículo 4.008 del Código Municipal dispone que la notificación deberá cumplirse sustancialmente con el proceso de diligenciamiento, según establecido en la Regla 4 de las Reglas de Procedimiento Civil de 2009, según enmendadas. En caso de ignorarse el paradero de tales personas o en la situación de propiedades no inscritas, tanto en el Registro de la Propiedad como en el CRIM, el municipio lo

certificará y procederá a notificar a "persona desconocida", se publicará un aviso en un (1) periódico impreso de circulación general o regional y uno (1) digital de conformidad con las ordenanzas del municipio y sin que medie orden judicial previa.

En todos los casos ante nuestra consideración, el Municipio presentó una Moción Informativa el mismo día de la presentación de las peticiones en donde sometió prueba documental adicional. En el caso LP2025CV00072 sometió copia de un acuse de recibo a nombre del titular para acreditar la notificación de intención de declarar la propiedad estorbo público que tiene un matasello del 19 de octubre de 2021. Asimismo, presentó copia de un edicto en el periódico de Primera Hora sobre la notificación de intención de estorbo publico que tiene fecha del 18 de febrero de 2025. No se presentó la declaración jurada del periódico acreditando la publicación del edicto.

En el caso LP2025CV00084, el Municipio acreditó la notificación por correo certificado de la intención de estorbo público al titular el 19 de octubre de 2021 y la publicación del edicto en el periódico de Primera Hora el 18 de febrero de 2025. No obstante, no sometió declaración jurada del periódico acreditando la publicación del edicto.

Asimismo, en el caso LP2025CV0087, el Municipio presentó evidencia de la notificación al titular mediante correo certificado el 10 de noviembre de 2021 y la publicación mediante edicto de la notificación de intención de estorbo para el 18 de febrero de 2025.

En el caso LP2025CV00077, el Municipio acreditó la notificación de intención de Estorbo Público al titular de la propiedad mediante correo certificado con fecha del 19 de octubre de 2021 y la notificación por edicto de la publicación en el periódico para el 18 de marzo de 2025.

En ninguno de los casos, se sometió la carta enviada a los titulares de las propiedades informando la intención del Municipio de declarar estorbo público la propiedad. Tampoco se sometió la declaración jurada del periódico

acreditando la publicación por edicto ni la certificación del Municipio indicando las razones por las cuales no se puede notificar a los titulares de las propiedades de la intención de declarar sus propiedades como estorbo público de manera personal según dispone en primera instancia la Regla 4 de Procedimiento Civil.

Ante ello, es forzoso concluir que el Municipio no acreditó con los documentos sometidos en el expediente el cumplimiento con la notificación a los titulares conforme la Regla 4.008 del Código Municipal. En su consecuencia, el foro primario no cometió el segundo error.

En cuanto el tercer error, entendemos que el foro primario erró al requerir una declaración jurada para acreditar el gasto de dieciséis mil quinientos veintidós dólares con once centavos ($16,522.11) cuestionando su procedencia, el concepto por el cual recibieron y la autorización municipal necesaria para ello.

Según el Artículo 4.010 del Código Municipal, los gastos incurridos y no recobrados por el municipio en la gestión de limpieza o eliminación de la condición nociva o perjudicial constituirán un gravamen sobre la propiedad equivalente a una hipoteca legal tácita, en favor del municipio y se hará constar mediante instancia en el registro de la Propiedad. Es por ello, que el foro *a quo* debió solicitar que una certificación registral en donde se demuestre la inscripción de dicho gravamen y no una declaración jurada para acreditar dicha deuda.

Únicamente en el recurso KLCE202500481, el Municipio planteó un cuarto error consistente en que el foro primario erró en requerir bajo juramento el origen y detalle de la deuda o carga favor de Doral Mortgage, LLC. Surge de la Certificación Registral de la propiedad inmueble objeto de expropiación tiene inscrita una hipoteca en garantía de pagare a favor de Doral Mortgage LLC, o a su orden por $200,000.00. A tenor con los términos de hipoteca, la fecha de vencimiento es el 1 de abril de 2030.

El Artículo 4.010 (d) del Código Municipal dispone en lo pertinente que [c]uando el inmueble objeto de expropiación tenga deudas, intereses, recargos o penalidades con el Centro de Recaudación de Ingresos Municipales sobre la contribución a la propiedad se le restará la cantidad adeudada al valor de tasación al momento de calcular la justa compensación. Una vez se le transfiera la titularidad al municipio, toda deuda, intereses, recargo o penalidades con el Centro de Recaudación de Ingresos Municipales será cancelada en su totalidad. Así también, se descontará la cantidad adeudada por concepto de multas y los gastos de limpieza y de mantenimiento de la propiedad, en que el municipio haya incurrido. Una vez se le transfiera la titularidad al municipio, en los casos que dicha expropiación sea por motivo de utilidad pública o vivienda asequible, toda deuda, intereses, recargo o penalidades de contribuciones sobre la propiedad con el Centro de Recaudación de Ingresos Municipales será cancelada en su totalidad.

En el Código Municipal ni en la Ley de Expropiación Forzosa se le requiere al municipio indagar sobre la procedencia y/o detalle de un gravamen inscrito en la propiedad objeto de expropiación forzosa. En su consecuencia, el Código Municipal no requiere que el municipio someta información y menos una declaración jurada para detallar el origen y detalle de una deuda o carga que conste inscrita a favor de un banco hipotecario. Es por ello, que concluimos que el foro primario cometió el cuarto error.

No obstante, el banco hipotecario es parte con interés para el caso de expropiación toda vez que su acreencia se ve afectada por el procedimiento. No se desprende del expediente ante el TPI, que el Doral Mortgage LLC, o su sucesor sea parte del caso y que se haya expedido emplazamiento a nombre de dicha parte.

Por la magnitud del derecho con el cual interviene el Estado coincidimos con el foro recurrido en la rigurosidad con el cumplimiento de los requisitos delimitados por la normativa, razón por la cual modificamos el

dictamen recurrido y así modificado confirmamos al Tribunal de Primera Instancia.

A tenor con lo anterior, el foro primario deberá ordenar en el caso LP2025CV00072 la inclusión de las partes con intereses y la expedición de los emplazamientos para el Gobierno Federal/IRS y los titulares de las fincas con servidumbres de paso sobre las propiedades. Asimismo, en el caso LP2025CV00077 se tiene que incluir como parte con interés al banco hipotecario, Doral Mortgage, LLC o su sucesor y expedir el correspondiente emplazamiento.

En todos los casos, se ordena la presentación de Certificaciones Registrales actuales. Se deja sin efecto la orden para que se presente una declaración jurada acreditando el origen de los $16,522.11. Esto, debido a que la Certificación Registral actualizada deberá incluir la anotación del gravamen por concepto de gastos de limpieza o eliminación de condición nociva, para que dichos gastos sean recobrables conforme el Artículo 4.010 del Código Municipal.

IV.

Por los fundamentos antes expuestos, se expide el auto de *Certiorari* y se modifica el dictamen del foro recurrido. Así modificado, se confirma.

**Notifíquese.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones